

November 18, 2019

**VIA ECF**

The Honorable Karen E. Scott
United States Magistrate Judge
U.S. District Court, Central District of California
411 West 4th Street, Courtroom 6D
Santa Ana, CA 92701-4516

    Re:    *McCarthy v. Toyota Motor Corp.*, No. 18-cv-201

Dear Judge Scott:

    Plaintiffs in the above-referenced action have requested an informal hearing before Your Honor to resolve an issue that the parties have been discussed during numerous (and lengthy) meet-and-confer sessions during the past several months. In short, Plaintiffs seek an order requiring Defendants Toyota Motor Sales U.S.A., Inc. ("TMS") and Toyota Motor Corporation ("TMC") to adhere to their commitment to produce documents on a rolling basis and to complete their respective productions by a date certain to enable Plaintiffs to schedule depositions they have noticed before filing their motion for class certification.

    This class-action litigation began in late January 2018 and Judge Staton lifted a hold on discovery after resolving Defendants' motion to dismiss the Consolidated Master Complaint in April 2019. Three days later, while the parties were preparing their Joint Rule 26(f) report, Defendants assured Plaintiffs that, if they agreed to give Defendants 45 additional days to respond to the Plaintiff's First Request for Production ("First RFPs"), Defendants would begin producing documents shortly thereafter. *See* Ex. 1. Defendants confirmed this promise in the Initial Disclosure they submitted on April 30, 2019, stating that ("Toyota will produce documents on a rolling basis beginning in the next 30 days"). Ex. 2 at 4:12-13).

    Defendants did not honor that commitment. *See* Exs. 3-4, 6-10, 12, 14, 16-18, 21, 24. Instead, when they served a written response to Plaintiffs' First RFPs on May 29, 2019, they asserted that actually producing documents was conditioned on Plaintiffs accepting search terms Defendants had yet to even propose. *See* Ex. 22. After repeated inquiries on June 3, 10, and 17, 2019, Defendants finally provided Plaintiffs with a list of queries on June 21 together with a set of documents (most of which were publicly available). *See* Ex. 4. After exchanging more letters and an exhaustive meet-and-confer session in July, Defendants proposed to use their initial set of search terms to begin producing documents every two weeks until the production was completed

FAZIO | MICHELETTI LLP

**Hon. Karen E. Scott — November 18, 2019 — Page 2**

within 60 to 90 days, observing "that communication was key and that we would work together to ensure that necessary information regarding timing was being shared." Ex. 10 at 1.

Since then, Defendants have made repeated promises to complete their production on later dates, and each time they have broken those promises. Consequently, since last July, Defendants have produced a total of 1,209 documents (exclusive of native files)—many of which Plaintiffs already possessed or could be found online. And although Defendants' counsel now insist that TMS and TMC will complete their production efforts on November 22 and December 20, respectively, they refuse to advise Plaintiffs with information about the results of search queries or what Plaintiffs can expect to receive with each tranche.[1]

Defendants' position creates a serious problem for Plaintiffs for several reasons. **First**, even if Plaintiffs could rely on December 22 as a date certain, it would leave Plaintiffs with little more than three weeks—excluding holidays—to review the documents, depose witnesses, and draft their motion for class certification, which Judge Staton has scheduled for filing on January 24, 2020. **Second**, regardless of when both productions are completed, Plaintiffs' cannot depend on Defendants' promises; they need a court order to guarantee it before they can propose an alternative class-certification schedule to Judge Staton. **Third**, without knowing the volume and general content of each tranche and when to expect it, Plaintiffs are unable to schedule the depositions they noticed several months ago, much less prepare for them.

For example, Defendants have advised Plaintiffs that TMC will produce the vast majority (if not all) of the technical documents that pertain to the issues in this litigation, but without knowing when and how many technical documents will be produced—and the manner in which Defendants are conducting searches for Japanese-language documents—Plaintiffs are unable to allocate time for their review, preparation for depositions, and drafting the certification motion.

Accordingly, Plaintiffs request that the Court establish a schedule for Defendants' document production that requires Defendants to provide Plaintiffs with a good-faith description as to how specific search queries have been formulated, how those queries have performed, and the content, volume and dates on which responsive documents will be produced in each tranche.

---

[1] During the course of the parties' meet-and-confer efforts, Defendants' counsel raised several red herrings to excuse their failure to adhere to the production schedules they promised. The first red herring is that the parties have yet to finalize the search terms that will be used to collect responsive documents, which has no bearing on Defendants' promise to produce all documents responsive to Plaintiffs' first set of RFPs within 60 to 90 days based on the initial search terms they proposed, which Defendants confirmed in writing on September 9, 2019. *See* Ex. 15. The second red herring is that Plaintiffs took too long to propose additional search terms, but the real delay has been caused by Defendants' failure to respond to those terms when Plaintiffs produced them and by Defendants' refusal to allow Plaintiffs to participate in the process of formulating and assessing the results of search queries. Finally, Defendants complain that Plaintiffs have served additional sets of RFPs since last April, but again, this has no bearing on the issues presented by this motion: the nature, volume, and dates on which each tranche of documents will be produced.

FAZIO | MICHELETTI LLP

**Hon. Karen E. Scott — November 18, 2019 — Page 3**

           Very truly yours,

           /s/ *Dina E. Micheletti*

           Dina E. Micheletti