1 | MORGAN, LEWIS & BOCKIUS LLP
2 | David L. Schrader, Bar No. 149638
  | david.schrader@morganlewis.com
3 | Joseph Duffy, Bar No. 241854
  | joseph.duffy@morganlewis.com
4 | Lisa Weddle, Bar No. 259050
  | lisa.weddle@morganlewis.com
5 | 300 South Grand Avenue
  | Twenty-Second Floor
6 | Los Angeles, CA  90071-3132
  | Tel:   +1.213.612.2500
7 | Fax:   +1.213.612.2501
8 | Attorneys for Defendants
  | TOYOTA MOTOR CORPORATION and
9 | TOYOTA MOTOR SALES, U.S.A., INC.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| REMY MCCARTHY, KATHLEEN RYAN-BLAUFUSS, CATHLEEN MILLS, JASON REID, and KHEK KUAN, on behalf of themselves and all others similarly situated, | Case No. 8:18-CV-00201-JLS-KES |
|---|---|
| Plaintiffs, | **DEFENDANTS TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES, U.S.A., INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AS TO PLAINTIFFS KOSAREFF AND KAKISH** |
| vs. | |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., and DOE DEFENDANTS 1-10, | |
| Defendants. | *[Declaration of Pamela J. Boyd; Declaration of Lisa R. Weddle; and Proposed Order filed concurrently herewith]* |
| JEVDET REXHEPI, STEPHEN KOSAREFF and LAURA KAKISH, on behalf of themselves and all others similarly situated, | Date:    August 21, 2020<br>Time:    10:30 a.m.<br>Judge:   Hon. Josephine L. Staton<br>Ctrm:    10A, 10th Floor |
| Plaintiffs, | TRIAL DATE: Not Set |
| vs. | Amended Consolidated Master Complaint filed:   July 23, 2019 |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES USA, INC., and DOES 1-10, inclusive, | |
| Defendants. | |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 21, 2020, at 10:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Josephine L. Staton, Federal District Court Judge of the above-titled Court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA, 92701, Courtroom 10A, 10th Floor, Defendants Toyota Motor Sales USA, Inc. ("TMS") and Toyota Motor Corporation ("TMC") (collectively, "Toyota") will and hereby do move this Court for an order compelling Plaintiffs Stephen Kosareff ("Plaintiff Kosareff" or "Kosareff") and Laura Kakish ("Plaintiff Kakish" or "Kakish") (collectively, "Plaintiffs") to arbitrate their individual claims in this action pursuant to the arbitration clause in their respective lease and purchase agreements and for a stay of all proceedings as to Plaintiffs Kosareff's and Kakish's claims.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 13, 2020.

This Motion is based on the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, 4 *et seq.* and applicable federal and state law. This Motion is made on the grounds that Plaintiffs' lease and purchase agreements contain valid and fully enforceable arbitration clauses that allow Toyota to compel arbitration. Any questions regarding arbitrability should go to the arbitrator under the delegation clauses in Plaintiffs' agreements. Toyota has standing to enforce the arbitration clauses as a third-party beneficiary to Plaintiff Kosareff's lease agreement and under the doctrine of equitable estoppel as to both Plaintiffs. Moreover, Plaintiffs have waived their rights to assert their claims as a proposed class action. Pursuant to 9 U.S.C. § 3, Toyota requests that all proceedings relating to Plaintiffs Kosareff's and Kakish's claims are stayed pending hearing on the Motion and completion of the arbitration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

2

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

1    This Motion is based on the Memorandum of Points and Authorities in

2   support of the Motion, the Declarations of Lisa R. Weddle and Pamela J. Boyd, and

3   the exhibits attached thereto, all documents on file with this Court, and on all oral

4   and documentary evidence as may be presented at or before the time of the hearing

5   on this Motion.

6

7   Dated:    May 22, 2020             MORGAN, LEWIS & BOCKIUS LLP
                                       David L. Schrader
8                                      Joseph Duffy
                                       Lisa Weddle
9

10                                     By   /s/ Lisa Weddle
11                                          Lisa Weddle
                                            Attorneys for Defendants
12                                          TOYOTA MOTOR CORPORATION, and
                                            TOYOTA MOTOR SALES USA, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

3

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND .................................. 2

    A.     The Enforceable Arbitration Provisions .............................................. 2

        1.     Plaintiff Kosareff's Arbitration Agreement ............................... 2

        2.     Plaintiff Kakish's Arbitration Agreement ................................. 4

    B.     Plaintiffs' Allegations and Toyota's Affirmative Defense
        Regarding Enforcing Lease/Purchase Agreements ............................... 5

    C.     Current Procedural Posture ................................................................ 6

III.    ARGUMENT ...................................................................................... 7

    A.     The Court Should Compel Plaintiffs Kosareff and Kakish to
        Arbitrate Their Individual Claims ....................................................... 7

        1.     Toyota's Motion Should Be Evaluated Under the Strong
            Policies Favoring Arbitration ..................................................... 7

        2.     Plaintiffs' Claims Are Subject to Arbitration ............................. 9

            a.     Plaintiffs' Lease/Purchase Agreements Contain
                Valid and Enforceable Arbitration Provisions ................. 9

            b.     The Arbitration Provisions in the Lease/Purchase
                Agreements Encompass Plaintiffs' Claims .................... 11

            c.     The Parties Clearly and Unmistakably Agreed to
                Delegate Questions Over Arbitrability to an
                Arbitrator ................................................................... 13

        3.     Toyota Can Compel Arbitration as a Non-Signatory ............... 15

            a.     Toyota May Compel Arbitration as a Third-Party
                Beneficiary With Respect to Plaintiff Kosareff ............. 16

            b.     Toyota May Compel Arbitration Under the
                Doctrine of Equitable Estoppel with Respect to
                Both Plaintiffs ........................................................... 19

    B.     Plaintiffs Expressly Waived Any Right to Seek Class-Wide
        Relief ............................................................................................ 22

    C.     Toyota Has Not Waived the Right to Compel Arbitration ................. 23

    D.     The Court Must Stay Proceedings Regarding Plaintiffs Kosareff
        and Kakish While Arbitration Is Pending .......................................... 25

IV.     CONCLUSION ................................................................................. 25

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

i

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Akrami v. ABC Phones of N. Carolina, Inc.*,
2019 WL 6998776 (C.D. Cal. Nov. 27, 2019) ..................................................22

*Amisil Holdings Ltd., v. Clarium Capital Mgmt*,
622 F.Supp. 2d 825 (N.D. Cal. 2007) .............................................................25

*Arthur Andersen LLP v. Carlisle*,
556 U.S. 624 (2009) ......................................................................................15

*Ashbey v. Archstone Prop. Mgmt., Inc.*,
785 F.3d 1320 (9th Cir. 2015) ..........................................................................9

*AT & T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986) ......................................................................................13

*AT&T Mobility, LLC v. Concepcion*,
563 U.S. 333 (2011) .............................................................................7, 8, 22

*Blau v. AT & T Mobility*,
2012 WL 566565 (N.D. Cal. Feb. 21, 2012) ...................................................24

*Bos. Telecommunications Grp., Inc. v. Deloitte Touche Tohmatsu*,
278 F. Supp. 2d 1041 (N.D. Cal. 2003) ...........................................................12

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) .................................................................13, 14

*Britton v. Co-Op Banking Grp.*,
916 F.2d 1405 (9th Cir. 1990) ........................................................................24

*Brown v. Dillard's, Inc.*,
430 F.3d 1004 (9th Cir. 2005) ........................................................................24

*Caviani v. Mentor Graphics Corp.*,
2019 WL 4470820 (N.D. Cal. Sept. 18, 2019) ................................................15

*Chavez v. Bank of Am.*,
2011 WL 4712204 (N.D. Cal. 2011) .........................................................15, 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

ii

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Citizens Bank v. Alafabco, Inc.*,
   539 U.S. 52 (2003) ................................................................................ 8

*Comley v. Giant Inland Empire RV Ctr., Inc.*,
   2013 WL 12131180 (C.D. Cal. Aug. 7, 2013) ..................................... 8

*Contec Corp. v. Remote Solution, Co., Ltd.*,
   398 F.3d 205 (2nd Cir. 2005) ............................................................. 15

*CPB Contractors Pty Ltd. v. Chevron Corp.*,
   2017 WL 7310776 (N.D. Cal. 2017) .................................................. 25

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985) ............................................................................ 8

*Ferguson v. Corinthian Colleges, Inc.*,
   733 F.3d 928 (9th Cir. 2013) ......................................................... 7, 12

*Fikhman v. BMW of N. Am. LLC*,
   2019 WL 6721626 (C.D. Cal. Oct. 15, 2019) ................................... 17

*First Options of Chicago, Inc. v. Kaplan*,
   514 U.S. 938 (1995) .................................................................... passim

*Fisher v. A.G. Becker Paribas Inc.*,
   791 F.2d 691 (9th Cir. 1986) ............................................................. 23

*Flintkote Co. v. Gen. Acc. Assur. Co.*,
   410 F. Supp. 2d 875 (N.D. Cal. 2006) ............................................... 17

*Green Tree Fin. Corp. v. Randolph*,
   531 U.S. 79 (2000) ............................................................................ 11

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices &*
   *Prod. Liab. Litig.*,
   828 F. Supp. 2d 1150 (C.D. Cal. 2011) ............................................. 23

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales*
   *Practices, & Prod. Liab. Litig.*,
   838 F. Supp. 2d 967 (C.D. Cal. 2012) ............................................... 23

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

iii

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Katz v. BMW of N. Am., LLC,*
   2019 WL 4451014 (C.D. Cal. Sep. 17, 2019) ...................................................... 16

*Kramer v. Toyota Motor Corporation,*
   705 F.3d 1122 (9th Cir. 2013) ................................................................. 20, 21, 22

*Lanning v. BMW of N. Am., LLC,*
   2019 WL 5748518 (S.D. Cal. Nov. 5, 2019) ..................................................... 18, 19

*Mance v. Mercedes-Benz USA,*
   901 F. Supp. 2d 1147 (N.D. Cal. 2012) ......................................................... 10, 15

*Mediterranean Enter. v. Ssangyong,*
   708 F.2d 1458 (9th Cir. 1983) ......................................................................... 12

*Momot v. Mastro,*
   652 F.3d 982 (9th Cir. 2011) ........................................................................... 14

*Oracle America, Inc. v. Myriad Group A.G.,*
   724 F.3d 1069 (9th Cir. 2013) ......................................................................... 15

*Pleitez v. BMW of N. Am., LLC,*
   2020 WL 2084954 (C.D. Cal. Feb. 27, 2020) .................................................. 7, 17

*Rent-A-Center, West, Inc. v. Jackson,*
   561 U.S. 63 (2010) ................................................................................... 13, 14

*Richards v. Ernst & Young, LLP,*
   744 F.3d 1072 (9th Cir. 2013) ......................................................................... 24

*Satterfield v. Simon & Schuster, Inc.,*
   569 F.3d 946 (9th Cir. 2009) ........................................................................... 17

*Simula, Inc. v. Autoliv, Inc.,*
   175 F.3d 716 (9th Cir. 1999) ........................................................................ 8, 12

*Sovak v. Chugai Pharm. Co.,*
   280 F.3d 1266 (9th Cir. 2002) ......................................................................... 23

*Tamsco Props., LLC v. Langemeier,*
   2013 WL 246782 (E.D. Cal. 2013) ................................................................... 19

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

iv

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*U.S. v. Park Place Assoc., Ltd.*,
563 F.3d 907 (9th Cir. 2009) ................................................................. 23

*Wayans v. BMW of N. Am., LLC*,
2020 WL 2046392 (C.D. Cal. Jan. 7, 2020) .................................... 16, 17

**STATE CASES**

*A & M Produce Co. v. FMC Corp.*,
135 Cal. App. 3d 473 (1982) ................................................................. 11

*Aanderud v. Super. Ct.*,
13 Cal. App. 5th 880 (2017) ................................................................. 15

*Cione v. Foresters Equity Servs., Inc.*,
58 Cal. App. 4th 625 (Cal. App. 1997) ................................................ 16

*Dagher v. Ford Motor Co.*,
238 Cal. App. 4th 905 (2015) ............................................................... 20

*EFund Capital Partners v. Pless*,
150 Cal. App. 4th 1311 (2007) ............................................................. 20

*Flores v. Transamerica HomeFirst, Inc.*,
93 Cal. App. 4th 846 (2001) ................................................................. 10

*Foti v. Toyota Motor Sales, U.S.A., Inc.*,
2017 WL 1436253 (N.J. Super. Ct. App. Div. Apr. 24, 2017) ............ 18

*Greenspan v. LADT, LLC*,
185 Cal. App. 4th 1413 (2010) ............................................................. 15

*Iqbal v. Ziadeh*,
10 Cal. App. 5th 1 (2017) ..................................................................... 17

*Izzi v. Mesquite Country Club*,
186 Cal. App. 3d 1309 (1986) .............................................................. 11

*Jensen v. U-Haul Co. of Cal.*,
18 Cal. App. 5th 295 (2017) ................................................................. 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

v

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*JSM Tuscany, LLC v. Superior Court,*
    193 Cal. App. 4th 1222 (2011).............................................................. 19

*Metalclad Corp. v. Ventana Envtl. Organizational P'ship,*
    109 Cal. App. 4th 1705 (2003)....................................................... 15, 19

*Orozco v. WPV San Jose LLC,*
    36 Cal. App. 5th 375 (2019).............................................................. 20

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC,*
    55 Cal. 4th 223 (2012)......................................................................... 9

*Ronay Family Ltd P'ship v. Tweed,*
    216 Cal. App. 4th 830 (2013)................................................. 15, 16, 18

*Sanchez v. Valencia Holding Co.,*
    LLC, 61 Cal. 4th 899 (2015)............................................................. 22

*Turtle Ridge Media Grp., Inc. v. Pac. Bell Directory,*
    140 Cal. App. 4th 828 (2006)........................................................... 11

**FEDERAL STATUTES**

9 U.S.C. §§ 1-16 (Federal Arbitration Act) (2009)...........................passim

**STATE STATUTES**

Cal. Civ. Code § 1559............................................................................. 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

vi

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The remaining causes of action in this case allege fraudulent concealment, breach of implied warranty (specifically, under the Uniform Commercial Code and the California Commercial Code, and as violations of the Song-Beverly and Magnusson-Moss Warranty Acts), consumer-protection based claims, and unjust enrichment arising from the lease and purchase of Toyota Prius vehicles.  Two of the named plaintiffs in this action, however, Plaintiffs Stephen Kosareff ("Plaintiff Kosareff" or "Kosareff") and Laura Kakish ("Plaintiff Kakish" or "Kakish") (collectively, "Plaintiffs"), entered into lease and purchase agreements containing valid and enforceable arbitration provisions covering their claims in this action. The Federal Arbitration Act governs those provisions, which, as a result, are afforded a strong presumption of validity.  Defendants Toyota Motor Sales USA, Inc. ("TMS") and Toyota Motor Corporation ("TMC") (collectively, "Toyota") therefore move to compel arbitration as to Plaintiffs' individual claims.[1]

Although Toyota is not a signatory to Plaintiffs' agreements, Toyota may enforce the agreements for two reasons.  *First*, Toyota can enforce the arbitration provision in Plaintiff Kosareff's agreement under third-party beneficiary theories. The plain language of Plaintiff Kosareff's arbitration provision demonstrates that the parties expressly intended to provide a benefit to Toyota as a third party. Plaintiff Kosareff's arbitration clause specifically covers "affiliates" of Toyota

---

[1] Toyota only moves to compel arbitration as to Plaintiffs Kosareff and Kakish at this juncture, as they are the only Plaintiffs who purchased/leased their Prius vehicle from a Toyota dealer and produced to date a lease/purchase agreement containing a valid and enforceable arbitration provision.  Declaration of Lisa R. Weddle, ¶ 5.  Plaintiff Mills purchased her Prius vehicle used from a Honda dealership, and her arbitration provision does not extend to Toyota.  *Id.*  Plaintiffs Ryan-Blaufuss and Kuan have not produced any lease or purchase agreements to date, despite Toyota's request to do so.  *Id.*  Plaintiff Kuan has not even identified the dealer from whom he purchased his vehicle.  *See* Docket No. 73 (Complaint) ¶ 36.  Toyota reserves the right to compel arbitration as to these Plaintiffs if later produced documents contain valid and enforceable arbitration provisions and reveal that Toyota has the right to compel arbitration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

1

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

Motor Credit Corporation ("TMCC") and Toyota is an affiliate of TMCC.  The agreement also cover assigns and Plaintiff Kosareff's lease agreement was assigned to Toyota subsidiaries.  *Second*, the principal of equitable estoppel prevents both Plaintiffs from avoiding their agreement to arbitrate because their claims are intimately founded in and intertwined with their respective agreements and the alleged misconduct underlying Plaintiffs' fraud-based claims.

Accordingly, Plaintiffs explicitly and voluntarily agreed to arbitrate their claims and waived any right to proceed as part of a class action.  Plaintiffs' arbitration provisions also contain clear and unmistakable evidence that the parties agreed to delegate disputes over arbitrabilty to an arbitrator.  For these reasons, this Court should grant Toyota's motion to compel arbitration and stay all legal proceedings with respect to Plaintiffs Kakish and Kosareff.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Enforceable Arbitration Provisions[2]

#### 1.   Plaintiff Kosareff's Arbitration Agreement

On September 19, 2010, Plaintiff Kosareff entered into a Closed End Motor Vehicle Lease Agreement with Toyota Santa Monica for the lease of his new 2010 Toyota Prius.  *See* Declaration of Lisa Weddle ("Weddle Decl."), ¶ 3, Ex. A ("Lease Agreement").  The Lease Agreement identifies the lessee as Stephen Kosareff and the lessor as Toyota Santa Monica, and assigns the lease to Toyota Lease Trust ("TLT"), stating that Toyota Motor Credit Corporation "will be servicing this Lease on behalf of TLT."  *See id.* at KOSAREFF001331, 1333.[3]

Kosareff's Lease Agreement contains an arbitration provision, which states in part:

---

[2] Toyota will refer collectively to the agreements Plaintiffs produced, and which contain enforceable arbitration provisions, as the "Lease/Purchase Agreements."
[3] All subsequent references to page numbers in Exhibits A and B refer to the four-digit Bates number following "KOSAREFF00" (for Plaintiff Kosareff) and "KAKISH00" (for Plaintiff Kakish).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

2

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

**Arbitration Provision**. You agree that *any claims arising from or relating to this Lease or related agreements or relationships*, including the validity, enforceability, arbitrability or scope of this Provision, at your or our election, are subject to arbitration. This includes, without limitation, claims in contract, tort, pursuant to statute, regulation, ordinance or in equity or otherwise, and *claims asserted by you against us, and the following Covered Parties: Toyota Lease Trust, Toyota Motor Credit Corporation and/or any of our or its affiliates and/or any of our or their employees, officers, successors, assigns*, or against *any third party providing any product or service in connection with the Lease* that you name as a co-defendant in any action against any of the foregoing.

*Id*. at 1336 (emphasis added). The provision also states:

**We, the Covered Parties and you are prohibited from participating in a class action or private attorney general action in court or classwide arbitration with respect to any claims we, the Covered Parties or you have asserted against one another or other beneficiaries of this Provision. There should also be no joinder or consolidation of parties, except for multiple parties to this Lease**.

*Id*. (bold in original). The rest of the arbitration agreement details, for example, the arbitration forum and format, and additional provisions relating to applicable law, expenses and fees. *See e.g.*, *id*. (arbitration administered by JAMS in Irvine, CA; claims resolved in accordance with and governed by the Federal Arbitration Act ("FAA"), application of substantive law consistent with the FAA, arbitration

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

3

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

hearings conducted at a reasonably convenient locale, providing guidelines for payment or reimbursement of arbitration fees by Toyota to Plaintiffs).

Consistent with the lease language, Santa Monica Toyota assigned Plaintiff Kosareff's agreement to Toyota Motor Credit Corporation ("TMCC"), by way of Toyota Lease Trust ("TLT").  Declaration of Pamela J. Boyd ("Boyd Decl."), ¶ 4. TMCC is an indirect automotive leasing and lease servicing company, which accepts assignment of consumer leases from originating dealers, such as Toyota Santa Monica.  *Id.*, ¶ 3.  TMCC services consumer leases on behalf of TLT and is the authorized attorney-in-fact and servicer for TLT.  *Id.*  TMCC is a subsidiary of Toyota Financial Services Americas Corporation ("TFSA"), itself a subsidiary of Toyota Financial Services Corporation ("TFSC"), which in turn is a subsidiary of TMC.  *Id.*, ¶ 5.

### 2.     Plaintiff Kakish's Arbitration Agreement

On December 16, 2010, Plaintiff Kakish entered into a Retail Installment Sale Contract with Longo Toyota for the purchase of her new 2010 Toyota Prius. Weddle Decl., ¶ 4, Ex. B ("Purchase Agreement").  Plaintiff Kakish's Purchase Agreement identifies the buyer as Laura Khalil Kakish and the Seller as Longo Toyota.  *See id.* at 1489.

Plaintiff Kakish's Purchase Agreement contains an arbitration provision (titled in bold, caps "**ARBITRATION CLAUSE[.]  PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**"), which states in part:

> *Any claim or dispute*, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), *between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

4

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

*(including any such relationship with third parties who do not sign this contract)* shall, at your or our election, be resolved by neutral, binding arbitration and not by court action.  If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute.  Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action.  You expressly waive any right you may have to arbitrate a class action.

*Id.* at 1490 (emphasis added) (also stating, for example, "EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT.").  Plaintiff Kakish's arbitration provision contains a class action waiver and allows a plaintiff to choose arbitration with a reputable arbitration organization, such as the American Arbitration Association or the National Arbitration Forum.  *Id.*  The remainder of the agreement details terms similar to Plaintiff Kosareff's agreement.  *Id.* (arbitration conducted in federal district where plaintiff resides or where contract is executed, arbitration fees advanced and/or reimbursed where applicable).

**B.**  **Plaintiffs' Allegations and Toyota's Affirmative Defense Regarding Enforcing Lease/Purchase Agreements**

In their Amended Consolidated Master Complaint ("Complaint), Plaintiffs allege claims for Fraudulent Concealment; Unlawful, Fraudulent, and Unfair Business Practices under California's Unfair Competition Law ("UCL"); Deceptive Business Practices in violation of California's Legal Remedies Act; Breach of Implied Warranty of Merchantability claims; Song-Beverly Act and Magnuson-Moss Warranty Act violation claims; and a claim for Unjust Enrichment.  *See* Docket No. 73 (Complaint) ¶¶ 159-233.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

5

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

1       Plaintiffs' premise their claims on allegations regarding the condition and

2 safety of their Prius vehicles, specifically related to an alleged defect contained

3 within the inverter component (the "IPM Defect") and Toyota's recall remedies to

4 address the alleged defect. *See generally*, *id*. ¶¶ 1-19, 119, 120. Plaintiffs allege

5 that the IPM Defect purportedly existed when Plaintiffs leased/purchased their

6 vehicles, that Toyota was aware of the defect at the time of the lease/purchase but

7 fraudulently failed to disclose the defect, that Toyota's recall remedies were

8 insufficient, and that had Plaintiffs known about the IPM Defect and inadequacy of

9 the recall remedies when they leased or purchased, Plaintiffs would *not* have leased

10 or purchased their vehicles, and/or would have paid less for their vehicles. *See e.g.*,

11 *id; see also*, *id*. ¶¶ 38-41; *see id*. ¶¶ 180-183 (alleging that Plaintiffs' warranty

12 claims concern whether Plaintiffs' vehicles were in merchantable condition "when

13 sold or leased" and that the warranty of implied merchantabilty is implied by law in

14 the lease and sale contracts for Plaintiffs' vehicles). Plaintiffs also allege that

15 customers buy and lease the Toyota Prius vehicles at issue because of their fuel

16 efficiency, but that fuel efficiency decreased due to the IPM Defect (*id.* ¶¶ 47, 212).

17       On August 22, 2019, when Toyota answered Plaintiffs' Complaint (the

18 "Answer"), Toyota asserted an affirmative defense that "[s]ome or all of the claims

19 asserted in the Complaint … must be resolved through arbitration because the

20 purchase, lease, warranty, and financing agreements … contain an arbitration

21 and/or class action waiver clause." Docket No. 77 (Answer) at p. 37.

22     **C.**    **Current Procedural Posture**

23       Shortly after answering the Complaint, on September 9, 2019, Toyota served

24 discovery to Plaintiffs, including requests for production of documents relating to

25 Plaintiffs' purchase or lease of their Prius vehicles—*i.e*., the agreements regarding

26 those transactions and that may contain an arbitration provision. Weddle Decl., ¶ 2.

27 Toyota has not served any additional discovery to Plaintiffs since September 2019.

28 *Id.*, ¶ 6. Toyota has, however, served a third-party subpoena to two Toyota

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

6

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

1  dealerships, seeking discovery that will remain relevant and necessary as to

2  Toyota's defense against the claims of Plaintiffs Ryan-Blaufuss and Kuan.  *Id.*

3      Plaintiffs, however, continue to propound multiple sets, and a large volume,

4  of discovery to Toyota, to which Toyota has responded.  *Id.*

5      Plaintiffs requested numerous extensions to respond to Toyota's discovery.

6  *Id.*, ¶ 2.  On or around, November 26, 2019, almost three months after Toyota

7  requested the lease and purchase agreements, Plaintiff Kosareff responded and

8  produced his Lease Agreement.  *Id.*, ¶ 3.  Plaintiff Kakish responded and produced

9  some documents on December 9, 2019, and produced additional documents,

10 including her signed Purchase Agreement, on January 24, 2020.[4]  *Id.*, ¶ 4.

## III.  ARGUMENT

### A.  The Court Should Compel Plaintiffs Kosareff and Kakish to Arbitrate Their Individual Claims.

#### 1.  Toyota's Motion Should Be Evaluated Under the Strong Policies Favoring Arbitration.

16     The FAA applies to any "written provision in any . . . contract evidencing a

17 transaction involving commerce to settle by arbitration a controversy arising out of

18 such contract or transaction."  9 U.S.C. § 2; *AT&T Mobility, LLC v. Concepcion*,

19 563 U.S. 333, 339 (2011).[5]  Arbitration agreements "shall be valid, irrevocable and

20 enforceable, save upon such grounds that exist at law or in equity for the revocation

21 of any contract."  *Id.*  The FAA "reflects an 'emphatic federal policy' in favor of

22 arbitration."  *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 932 (9th Cir.

23 2013).  Arbitration agreements are only invalidated by generally applicable contract

---

[4] On December 9, 2019, Plaintiff Kakish produced a blank retail installment sale contract with Longo Toyota.  Weddle Decl., ¶ 4.

[5] The FAA and its policies, procedures, and preemptive effect generally govern this motion, but Plaintiffs' anticipated challenge to Toyota's right to enforce the Lease/Purchase Agreements require application of California law.  *See e.g.*, *Pleitez v. BMW of N. Am., LLC*, No. CV 19-10422 PA (JCX), 2020 WL 2084954, at *2 (C.D. Cal. Feb. 27, 2020); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  Limited application of California law is required as specifically identified within this Motion.  *See id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

7

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

defenses (*e.g.*, fraud, duress, or unconscionability) and "not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion*, 563 U.S. at 339.  The FAA "leaves no place for the exercise of discretion," but instead mandates that courts "*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).  The Court is required to rigorously enforce arbitration agreements and resolve all doubts in favor of arbitration.  *Id.*; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

The arbitration provisions in Plaintiffs' Lease/Purchase Agreements are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2009).  *First*, the Lease/Purchase Agreements unequivocally state that the FAA applies.  Weddle Decl., ¶ 3, Ex. A at 1336 ("claims shall be resolved in accordance with [] the Federal Arbitration Act" and "[t]his Provision is made pursuant to a transaction in interstate commerce, and shall be governed by the FAA"); *id.*, ¶ 4, Ex. B at 1490.

*Second*, the parties to the Lease/Purchase Agreements were unquestionably engaged in "commerce," which must be construed broadly and has been defined to include the production of goods for commerce or engaging in activity that affects commerce.  *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (finding the requisite commerce for FAA coverage even when the individual transaction did not have a substantial effect on commerce); *Comley v. Giant Inland Empire RV Ctr., Inc.*, 2013 WL 12131180, at *2 (C.D. Cal. Aug. 7, 2013) (FAA applied to contract that "plainly concern[s] a vehicle, which either itself or through its parts moved in interstate commerce").  As Plaintiffs concede, TMS is responsible for the "distribution and sale of all Toyota automobiles in the United States" and TMC is the "parent company" of TMS.  Complaint ¶¶ 42, 43.  TMC is the entity that manufactured Plaintiffs' vehicles.  Boyd Decl., ¶ 2.  The sale/lease of Plaintiffs' vehicles, therefore, are acts of interstate commerce, and the FAA controls.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

8

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

### 2.   Plaintiffs' Claims Are Subject to Arbitration.

Plaintiffs' claims are subject to arbitration because (1) a valid, written
agreement to arbitrate exists; and (2) the agreement to arbitrate encompasses the
dispute at issue here.  *See Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320,
1323-24 (9th Cir. 2015) (providing test and compelling arbitration).

#### a.   *Plaintiffs' Lease/Purchase Agreements Contain Valid and Enforceable Arbitration Provisions.*

In determining whether an agreement to arbitrate exists, "courts apply state
contract law while giving due regard to the federal policy favoring arbitration."
*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, 55 Cal.
4th 223, 236 (2012); *see also* 9 U.S.C. § 2; *First Options of Chicago, Inc. v.
Kaplan*, 514 U.S. 938, 944 (1995) (federal courts "should apply ordinary state-law
principles that govern the formation of contracts").  Under California law, Plaintiffs
entered into valid and enforceable agreements to arbitrate their disputes.

*First*, the Lease/Purchase Agreements contain conspicuous and explicit
acknowledgments of the parties' rights to arbitration and the binding effects of the
arbitration provisions.  Both agreements notify Plaintiffs that a party is entitled to
arbitrate all claims and that by signing the agreements, Plaintiffs give up the right to
seek relief in court.  Section 48 of Plaintiff Kosareff's Lease Agreement, titled
"**Arbitration Provision**" (bold in original), for example, states in all caps: "IF
ANY PARTY ELECTS ARBITRATION WITH RESPECT TO A CLAIM,
NEITHER YOU NOR WE NOR ANY COVERED PARTY WILL HAVE THE
RIGHT TO LITIGATE THAT CLAIM IN COURT; TO HAVE A JURY TRIAL
ON THAT CLAIM . . . ."  Weddle Decl., ¶ 3, Ex. A at 1336.  Plaintiff Kosareff also
initialed above the signature block to acknowledge the arbitration provision and its
binding effect.  *Id.* at 1333.  Similarly, Plaintiff Kakish's agreement contains a
boxed-section titled "**ARBITRATION CLAUSE . . . PLEASE REVIEW –
IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**" (bold and capitalization

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

9

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

in original) which states in all caps: "EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT." *Id.*, ¶ 4, Ex. B at 1490.  It also contained a bold clause right above the signature block stating: "**YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW**." *Id.* at 1489 (emphasis in original).

This language, emphasized with bold and/or capital letters, easily satisfies the relevant standard under California law.  *See e.g.*, *Mance v. Mercedes-Benz USA*, 901 F. Supp. 2d 1147, 1159 (N.D. Cal. 2012) (surprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them) (citing *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853, (2001).  In *Mance v. Mercedes-Benz USA*, the district court determined that an arbitration clause from a vehicle purchase agreement that is similar to the instant arbitration clause in Plaintiffs' Lease/Purchase Agreements was valid and fully enforceable.  901 F. Supp. 2d at 1153 (rejecting that the arbitration clause "was oppressive or took [Plaintiff] by surprise" where "[t]he arbitration clause is not printed in exceptionally small text or buried within a contract that is pages upon pages long.  Rather, it is conspicuously labeled on the back side of a single, double-sided piece of paper and there is fair warning next to the signature block.").  Likewise, the terms of Plaintiffs' arbitration provisions are conspicuous, titled in bold and capitalized font, and explicitly referenced above the applicable signature blocks.  *See* Weddle Decl., ¶¶ 3, 4, Exs. A, B.  The arbitration provisions and terms were not, and could not have been, a surprise for Plaintiffs.

*Second*, there is no indication that the Lease/Purchase Agreements resulted from oppression, fraud, duress, or are otherwise unconscionable.  To the contrary, Plaintiffs *voluntarily*, *knowingly*, *and willingly signed* their agreements.  The arbitration provisions are even-handed, applying equally to all parties and providing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

10

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

for the arbitration of disputes through established, neutral, and fair arbitral

associations.  *See e.g.*, *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473,

486–87 (1982) (substantive unconscionability focuses on the harshness and one-

sided nature of the substantive terms of the contract—*e.g.*, where the agreement

lacks bilaterality); Weddle Decl., ¶ 3, Ex. A at 1336 (arbitration administered

through JAMS); *id.*, ¶ 4, Ex. B at 1490 (giving Plaintiff the right to elect to arbitrate

disputes through the National Arbitration Forum, Box 50191, Minneapolis, MN

55405-0191 (www.arb-forum.com), the American Arbitration Association, 335

Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other

organization Plaintiffs choose subject to Toyota's approval); *see also, Green Tree*

*Fin. Corp. v. Randolph*, 531 U.S. 79, 95 (2000) (comparing AAA to other national

arbitration organizations with similar models for "fair cost and fee allocation"); *Izzi*

*v. Mesquite Country Club*, 186 Cal. App. 3d 1309, 1318 (1986) (noting that "[t]he

rules of the American Arbitration Association . . . are generally regarded to be fair

and neutral.") (abrogated on other grounds).

Consequently, this Court should determine that valid and enforceable

arbitration agreements exists.

### b.     *The Arbitration Provisions in the Lease/Purchase*
###        *Agreements Encompass Plaintiffs' Claims.*

"Once a viable arbitration agreement is found under state law, federal law

governs its interpretation." *Turtle Ridge Media Grp., Inc. v. Pac. Bell Directory*,

140 Cal. App. 4th 828, 832 (2006).  Under federal law, Plaintiffs' claims are

covered by the broad arbitration language in the arbitration provisions of their

Lease/Purchase Agreements.

The arbitration provisions contemplate Plaintiffs' claims against Toyota,

specifically encompassing "any claims arising from or relating to this Lease or

related agreements or relationships" (Kosareff) and "[a]ny claim or dispute . . .

which arises out of or relates to your credit application, purchase or condition of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

11

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract)" (Kakish). Weddle Decl., ¶ 3, Ex. A at 1336; *id.*, ¶ 4, Ex. B at 1490.  The use of the language "arising from," "arises out of," and "relating/relates to" demonstrates the parties' intent that the arbitration provision would encompass any and all disputes related to the terms of the agreement and relationships resulting from the agreement.  *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999) (stating an arbitration clause containing the phrase "any and all disputes arising under the arrangements contemplated hereunder" must be interpreted liberally); *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (holding UCL, FAL, and CLRA claims fell within the scope of arbitration agreement extending to "any disputes," "all claims," and disputes "arising from my enrollment").

Similarly, the Ninth Circuit has held that that there is a significant difference between broad arbitration clauses (directing to arbitration disputes "arising out of or *relating to*" the contract) versus narrow clauses that only direct disputes "arising hereunder."  *Bos. Telecommunications Grp., Inc. v. Deloitte Touche Tohmatsu*, 278 F. Supp. 2d 1041, 1046 (N.D. Cal. 2003) ("Narrow arbitration clauses are intended to cover only those disputes 'relating to the interpretation and performance of the contract itself' whereas broad clauses contemplate coverage of 'matters or claims independent of the contract or collateral thereto.'") (quoting *Mediterranean Enter. v. Ssangyong*, 708 F.2d 1458, 1464 (9th Cir. 1983).

Here, Plaintiffs allege that their leased and purchased Prius vehicles contain an IPM Defect, that Toyota purportedly failed to disclose information regarding the IPM Defects before Plaintiffs' purchase/lease, that Toyota implemented insufficient remedies to address the IPM Defect, and that Toyota has failed to render the vehicles in a safe and drivable condition.  *See e.g.*, Docket No. 73 (Complaint) ¶¶ 159-233.  Accordingly, Plaintiffs' claims in this action *necessarily* relate to (and arise from) the Purchase/Lease Agreements and "related agreements or

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

12

TOYOTA'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

relationships"/"resulting transaction[s] or relationship[s] (including any such relationship with third parties . . .)," as well as "the purchase or condition" of Plaintiffs' vehicles.  Weddle Decl., ¶ 3, Ex. A at 1336 (referring to related relationships and resulting relationships with third parties); *id.*, ¶ 4, Ex. B at 1490 (referring to the condition of the vehicle and resulting third party relationships).

The remedies Toyota implemented, which are also at issue in this action, likewise fall under definitions of "related agreements or relationships" and "resulting transaction or relationship (including any such relationship with third parties who do not sign this contract)" which are explicitly covered events in the arbitration provisions.  Finally, Plaintiffs' consumer statutory claims fall within the arbitration provision's coverage of "claims in contract, tort, pursuant to statute, regulation, ordinance or in equity or otherwise" (Kosareff) and "contract, tort, statute or otherwise" (Kakish).  *Id.*  For these reasons, Plaintiffs' arbitration provisions cover the disputes at issue in this action.

### c.   *The Parties Clearly and Unmistakably Agreed to Delegate Questions Over Arbitrability to an Arbitrator.*

Putting aside whether the merits of Plaintiffs' claims must be arbitrated, Plaintiffs' arbitration provisions contain delegation clauses reserving for the arbitrator – not a court – the right to decide whether Plaintiffs' claims are arbitrable.  *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 106 (1986) (gateway issues of arbitrability can be delegated to the arbitrator unless "the parties clearly and unmistakably provide otherwise.").  The Court need only determine whether there is "clear and unmistakable" evidence that the parties agreed to arbitrate the question of arbitrability.  *See Brennan v. Opus Bank*, 796 F.3d 1125, 1131 (9th Cir. 2015) (a court must enforce an agreement that "clearly and unmistakably" delegates arbitrability questions to the arbitrator).  If so, the Court should send the dispute to arbitration.  *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 74 (2010) (upholding enforceability of delegation clause

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

13

TOYOTA'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

1    stating arbitrator had "exclusive authority to resolve any dispute relating to the . . .

2    enforceability . . . of this Agreement").  A delegation clause is a severable term,

3    examined independently from the larger contract.  *See id.* at 70–72, 75, n.4.

4         Here, Plaintiffs' arbitration provisions contain express delegation clauses,

5    which establish that the parties "clearly and unmistakably" agreed to have an

6    arbitrator determine both the merits of the dispute and any questions of arbitrability.

7    *See* Weddle Decl., ¶ 3, Ex. A at 1336 ("You agree that any claims arising from or

8    relating to this Lease or related agreements or relationships, including the validity,

9    enforceability, *arbitrability or scope of this Provision*, at your or our election, are

10   subject to arbitration.") (emphasis added); *id.* ¶ 4, Ex. B at 1490 ("Any claim or

11   dispute, whether in contract, tort, statute or otherwise (*including the interpretation*

12   *and scope of this Arbitration Clause, and the arbitrability of the claim or dispute*), .

13   . . shall, at your or our election, be resolved by neutral, binding arbitration and not

14   by court action.") (emphasis added).  Courts have held that similarly worded

15   provisions mandate referral of all disputes potentially arbitrable to arbitration.  *See*

16   *Rent-A-Center*, 561 U.S. at 68 (finding delegation clear and unmistakable where

17   contract provided "the Arbitrator . . . shall have exclusive authority to resolve any

18   dispute relating to the . . .enforceability. . . of this Agreement including, but not

19   limited to, any claim that all or any part of this Agreement is void or voidable")

20   (internal citation omitted); *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011)

21   (language that delegated authority to arbitrator to determine "the validity or

22   application of any of the provisions of" the arbitration clause was a clear and

23   unmistakable agreement to arbitrate the question of arbitrability).

24        Plaintiffs' arbitration provisions also refer to several reputable arbitration

25   organizations and their rules, which delegate questions of arbitrability to an

26   arbitrator.  *See* Weddle Decl., ¶ 3, Ex. A at 1336 (arbitration administered at

27   JAMS); *id.*, ¶ 4, Ex. B at 1490 (referring to the National Arbitration Forum and the

28   American Arbitration Association and their applicable rules); *see also Brennan*, 796

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

14

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

F.3d at 1130 ("In *Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069 (9th Cir. 2013) we observed that '[v]irtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.'"); *Caviani v. Mentor Graphics Corp.*, No. 19-CV-01645-EMC, 2019 WL 4470820, at *4 (N.D. Cal. Sept. 18, 2019) ("When a signed arbitration agreement includes a reference to specific arbitration rules—e.g., AAA, JAMS, etc.—the Ninth Circuit has held that the parties agreed to delegate arbitrability itself to the arbitrator."); *Greenspan v. LADT, LLC*, 185 Cal. App. 4th 1413, 1442 (2010) ("[W]hen . . . parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.") (quoting *Contec Corp. v. Remote Solution, Co., Ltd.*, 398 F.3d 205, 208 (2nd Cir. 2005); *Aanderud v. Super. Ct.*, 13 Cal. App. 5th 880, 892 (2017)).  Plaintiffs' delegation clauses are therefore enforceable; any questions regarding arbitrability are reserved for the arbitrator.

### 3.     Toyota Can Compel Arbitration as a Non-Signatory

A non-signatory to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the non-signatory to enforce the agreement.  *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009).  A non-signatory can compel arbitration in multiple circumstances, including as a third-party beneficiary and under the doctrine of equitable estoppel.  *See Ronay Family Ltd P'ship v. Tweed*, 216 Cal. App. 4th 830, 836 (2013); *Metalclad Corp. v. Ventana Envtl. Organizational P'ship*, 109 Cal. App. 4th 1705, 1713 (2003) (signatory can be compelled to arbitrate at the non-signatory's insistence under equitable estoppel); *Chavez v. Bank of Am.*, 2011 WL 4712204 (N.D. Cal. 2011) (non-signatory third-party beneficiary of agreement may enforce arbitration provision); *Mance*, 901 F. Supp. 2d at 1155.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

15

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

a.      ***Toyota May Compel Arbitration as a Third-Party
Beneficiary With Respect to Plaintiff Kosareff.***

A non-signatory "third party beneficiary is someone who may enforce a contract because the contract is made expressly for his benefit." *Jensen v. U-Haul Co. of Cal.*, 18 Cal. App. 5th 295, 301 (2017); Cal. Civ. Code § 1559; *Chavez*, 2011 WL 4712204.  Whether the third party is an intended beneficiary is based on the intention of the parties, ***gathered from reading the contract as a whole***, in light of the circumstances under which it was entered.  *Cione v. Foresters Equity Servs., Inc.*, 58 Cal. App. 4th 625, 636 (Cal. App. 1997) (emphasis added); *see also Wayans v. BMW of N. Am., LLC*, 2020 WL 2046392, at *3 (C.D. Cal. Jan. 7, 2020). A beneficiary does not need to be individually named or identified in a contract; the third party must show that it is "a member of a class of persons for whose benefit it was made."  *Ronay*, 216 Cal. App. 4th at 839.

Here, Plaintiff Kosareff's Lease Agreement shows that the parties intended to benefit Toyota by making disputes with Toyota susceptible to arbitration and allowing Toyota to enforce that right.  *First*, a non-signatory may enforce an arbitration agreement under a third-party beneficiary theory if it is an "affiliate" of a signatory lessor's assignee.  *See Katz v. BMW of N. Am., LLC*, No. 4:19-cv-01553-KAW, 2019 WL 4451014, * 3 (C.D. Cal. Sep. 17, 2019) (granting BMW's motion to compel arbitration where the arbitration clause in the lease agreement "broadly define[d] a 'claim' as 'any claim, dispute or controversy...between me and you or your employees, officers, directors, *affiliates*, successors, or assigns'") (emphasis added).  In *Katz*, for example, the plaintiff signed a lease agreement with a dealership, which assigned the lease to BMW Financial Services ("BMW FS").  *Id.* BMW demonstrated that it managed BMW FS and that BMW was therefore an "affiliate" contemplated by the arbitration clause.  *Id.*

Like the lease agreement in *Katz*, Plaintiff Kosareff's arbitration provision explicitly applies to claims against Toyota, a "Covered Party" within the plain

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

16

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

meaning of the provision because "Covered Parties" include "affiliates" of Toyota Motor Credit Corporation ("TMCC").  *See* Weddle Decl., ¶ 3, Ex. A at 1336 ("This includes . . . claims asserted by you against us, and the following Covered Parties: Toyota Lease Trust, Toyota Motor Credit Corporation, and/or any of our or its affiliates . . . ."); *see also*, *id*. at 331 (Plaintiff Kosareff's agreement states in section 1 that "the words 'we,' 'us,' and 'our' refer to the Lessor, and after assignment, the Toyota Lease Trust ('TLT')" where TMCC will be servicing the Lease on behalf of TLT).  Both TMS and TMC are affiliates of TMCC because they are part of the same organization, and TMC is the parent company of TMCC and TMS.[6]  Boyd Decl., ¶¶ 5, 6.

Other courts in the Central District have held that non-signatory "affiliates" like Toyota can successfully enforce arbitration provisions.  *See Pleitez v. BMW of N. Am., LLC*, 2020 WL 2084954 (C.D. Cal. Feb. 27, 2020) (non-signatory affiliate vehicle manufacturer entitled to enforce arbitration provision in Plaintiff's agreement with dealer as a third-party beneficiary); *Wayans v. BMW of N. Am., LLC*, 2020 WL 2046392 (C.D. Cal. Jan. 7, 2020) (same); *Fikhman v. BMW of N. Am. LLC*, 2019 WL 6721626, at *3 (C.D. Cal. Oct. 15, 2019) ("The plain language of the lease shows that Defendant is an intended beneficiary. As discussed above, the arbitration clause covers "affiliates" of BMW Financial Services.").  The Central District is not alone.  The New Jersey Appellate Division affirmed Toyota's right compel arbitration as a non-signatory affiliate under an arbitration provision

---

[6] *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009) ("Affiliate refers to a corporation that is related to another corporation by shareholdings or other means of control . . . [].  The plain and ordinary meaning of 'affiliate' supports this definition as a company effectively controlled by another or associated with others under common ownership or control.") (citations omitted); *Flintkote Co. v. Gen. Acc. Assur. Co.*, 410 F. Supp. 2d 875, 889 (N.D. Cal. 2006) ("affiliate" can include corporate parent); *see Iqbal v. Ziadeh*, 10 Cal. App. 5th 1, 10 (2017) ("an affiliate generally is one who is dependent upon, subordinate to,…or part of a larger or more established organization or group.").

identical to Plaintiff Kosareff's.  *See Foti v. Toyota Motor Sales, U.S.A., Inc.*, 2017
WL 1436253, at *2 (N.J. Super. Ct. App. Div. Apr. 24, 2017).

Toyota, therefore, is an express beneficiary of Plaintiff Kosareff's agreement
because the parties intended and agreed that claims against affiliates of TMCC—
which includes TMS and TMC—would fall within the scope of the arbitration
provision.  This also follows logically because TMS and other Toyota affiliated
entities are likely targets of suits arising from or relating to Toyota vehicles.  As an
affiliate of TMCC, Toyota is squarely within its rights as a third-party beneficiary
to compel arbitration under Plaintiff Kosareff's Lease Agreement.

*Second*, notwithstanding the "affiliate" language in Plaintiff Kosareff's
agreement, *assignment* of a purchase or lease agreement places a vehicle
manufacturer or distributor within the class of persons whom the arbitration
agreement was intended to benefit.  *See Lanning v. BMW of N. Am., LLC*, No. 3:19-
cv-00773-BEN-LL, 2019 WL 5748518, at *3–5 (S.D. Cal. Nov. 5, 2019).  In
*Lanning*, the plaintiff purchased his vehicle from a dealership, which assigned the
purchase contract to BMW Bank of North America, a wholly-owned subsidiary of
BMW Financial Services NA, LLC, itself a wholly-owned subsidiary of
manufacturer BMW of North America.  *Id.* at *4.  Manufacturer BMW of North
America was entitled to compel arbitration "as a third-party beneficiary because the
assignment effectively placed [BMW of North America] within the class of persons
(*i.e.*, assigns) whom the arbitration provision was intended to benefit."  *Id.* at *4;
*see also, Ronay*, 216 Cal. App. 4th at 838–39 (financial planner entitled as a third-
party beneficiary to compel arbitration via an agreement between investor and
broker where "by expressly requiring arbitration of the claims against [the broker's]
agents and *registered representatives*, the arbitration clause was intended to benefit
nonparties such as [the financial planner]") (emphasis added).

Likewise, here, Toyota may compel arbitration under the assigns language in
the arbitration provision in Plaintiff Kosareff's Lease Agreement.  Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

18

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

Kosareff expressly agreed to arbitrate claims with "assigns."  Weddle Decl., ¶ 3, Ex. A at 1336.  His lease agreement was assigned to TLT to be serviced by TMCC, which as indicated above is a subsidiary of TFSA, which is a subsidiary of TFSC, which is a subsidiary of Defendant TMC.  *Id.*, Ex. A at 1336; Boyd Decl., ¶¶ 4, 5. Like in *Lanning*, therefore, the assignment of Plaintiff Kosareff's Lease Agreement places Toyota within the class of persons (*i.e.*, assigns) whom the arbitration provisions were intended to benefit.

Under these circumstances, Toyota may enforce the arbitration provisions in the Plaintiff Kosareff's Lease Agreement as an express beneficiary.

> **b.**      ***Toyota May Compel Arbitration Under the Doctrine of Equitable Estoppel with Respect to Both Plaintiffs.***

Toyota can enforce the arbitration provisions in Plaintiffs' agreements under the doctrine of equitable estoppel, which prevents Plaintiffs from avoiding their obligations under the Lease/Purchase Agreements.  Equitable estoppel precludes a plaintiff from "claiming the benefits of a contract while simultaneously attempting to avoid the burdens that the contract imposes."  *Metalclad*, 109 Cal. App. 4th at 1713; *see also Tamsco Props., LLC v. Langemeier*, 2013 WL 246782, at *4 (E.D. Cal. 2013).  Under equitable estoppel, "as applied in both federal and California decisional authority, a nonsignatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the nonsignatory are intimately founded in and intertwined with the underlying contract obligations."  *JSM Tuscany, LLC v. Superior Court*, 193 Cal. App. 4th 1222, 1237 (2011) (quotation marks omitted).  Courts examine the facts alleged in the operative complaint to determine whether equitable estoppel applies.  *Id.*

Here, Plaintiffs' claims against Toyota rely upon and are intimately founded on and intertwined with Plaintiffs' agreements based on the alleged misconduct Plaintiffs allege underlies their fraud-based claims.  Plaintiffs found their fraud-based claims (and in particular, Plaintiff's claim for fraudulent concealment), on the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

19

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

allegation that "at the time Toyota **sold** or **leased** Class Vehicles to Plaintiffs and proposed Class Members, Toyota knew they were equipped with defective IPMs" but concealed this information, thereby causing Plaintiffs to "pay[] more for their Class Vehicles than they were actually worth." *See* Docket No. 73 (Complaint) ¶¶ 216, 222 (emphasis added).  Plaintiffs' sale, lease, and purchase-price fraud allegations are inherently intertwined with Plaintiffs' agreements to lease and purchase their vehicles. *See Orozco v. WPV San Jose LLC*, 36 Cal. App. 5th 375, 411 (2019) (holding that fraudulent-inducement and rescission claims arise out of or are connected to the subject contract); *EFund Capital Partners v. Pless*, 150 Cal. App. 4th 1311, 1325–26 (2007) (holding arbitration agreement extends to various tort claims against multiple defendants, all non-signatories, alleged to have conspired to fraudulently induce plaintiff to enter into the contract).  Similarly, without the purchase or lease of a vehicle, plaintiffs' warranty and consumer claims would fail.  *See Dagher v. Ford Motor Co.*, 238 Cal. App. 4th 905, 917-18, 924 (2015) (a plaintiff's standing under Song-Beverly Act requires plaintiff to be a buyer from a retail seller).  Plaintiffs allege, for example, that "the acts and practices described in this Complaint were undertaken by Toyota in connection with a 'transaction' . . . as a result of the sale or lease of a motor vehicle to Plaintiffs." *See* Docket No. 73 (Complaint ¶ 225).  Thus, equitable estoppel applies to require arbitration of Plaintiffs' claims.

Toyota anticipates that Plaintiffs will rely on the Ninth Circuit's decision in *Kramer v. Toyota Motor Corporation* to argue that Toyota may not compel arbitration as a non-signatory.  705 F.3d 1122 (9th Cir. 2013).  But *Kramer* is distinguishable.  In *Kramer*, the plaintiffs alleged that Toyota failed to disclose a risk of loss of brake control in Toyota vehicles and brought claims for violations of California's consumer protection law, unfair competition law claims, false advertising law, breach of the implied warranty of merchantability, and breach of contract.  *Id.* at 1130-32.  Toyota argued that (under the same arbitration language

found in Plaintiff Kakish's agreement), it was entitled to compel arbitration under equitable estoppel where, for example, plaintiffs' claims relied on the existence of the plaintiffs' vehicle purchase transactions. *Id.* The court found that the claims were *not* intertwined with obligations in the plaintiffs' agreements, and Toyota could not compel arbitration. *Id.* at 1130-33.

Reliance on *Kramer* by Plaintiffs here, however, fails for multiple reasons. *First*, the plaintiffs in *Kramer* did not allege a claim for fraudulent concealment, and the court rejected Toyota's equitable estoppel arguments where, for example, Toyota cited to only "sparse portions" of the plaintiffs' complaint alleging concealment, and the relevant allegations in the complaint were not "inextricably bound up with the obligations imposed by the agreement containing the arbitration clause." *Id.* at 1133. Here, by contrast, Plaintiffs' Complaint contains ample allegations that Toyota purportedly hid information at the time of lease/purchase and intentionally caused Plaintiffs to pay more for their lease/purchase under their agreements. Moreover, Plaintiffs also allege numerous allegations concerning the condition of their Prius vehicles and the resulting relationship with Toyota pursuant to the lease and purchase of Plaintiffs' vehicles. For example, Plaintiffs allege that at the time of lease/purchase, the vehicles contained a defect (Complaint ¶¶ 143, 151(b), 172, 173, 181, 216), that Toyota is obligated to further render the vehicles in a merchantable condition and comply with applicable warranties (*see id.* ¶¶ 173, 181, 182, 209), and that the reason customers buy and lease Toyota Priuses is because of their fuel efficiency, which is rendered less effective as a result of the alleged IPM Defect (*id.* ¶¶ 47, 212). Plaintiffs' claims against Toyota are therefore intertwined with the underlying agreements. Equitable estoppel applies.

*Second*, the *Kramer* court did not analyze the third-party beneficiary theories Toyota argues above as to Plaintiff Kosareff, including the affiliate and assignment language and supporting evidence. Specifically, in *Kramer*, the arbitration provisions did not extend to affiliates (as compared to Plaintiff Kosareff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

21

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

agreement), and while the *Kramer* agreements included "assigns" language, Toyota did not claim a right to compel arbitration as an assignee.  *See Kramer*, 705 F.3d at 1127 n. 3 (While the scope of the agreement extends to assignees, Toyota does not contend it is a transferee).  This distinction makes *Kramer* inapplicable to Toyota's third-party beneficiary arguments here.

### B.   Plaintiffs Expressly Waived Any Right to Seek Class-Wide Relief

The Lease/Purchase Agreements prohibit Plaintiffs from participating in a class action or class-wide arbitration and, instead, require them to proceed on an individual, non-class basis.  Specifically, the arbitration provisions in the Lease/Purchase Agreements state that Plaintiffs agree they are "**prohibited from participating in a class action … in court or classwide arbitration with respect to any claims we, the Covered Parties or you have asserted against one another or other beneficiaries of this Provision**[,]" and that if they arbitrate, they "GIVE UP [THEIR] RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM … INCLUDING ANY RIGHT TO CLASS ARBITRATION. Weddle Decl., ¶ 3, Ex. A at 1336; *id.*, ¶ 4 Ex. B at 1490 (bold and caps in originals).

The United States Supreme Court has upheld the validity of class action waiver provisions, noting that "[t]he 'principal purpose' of the FAA is to 'ensure that private arbitration agreements are enforced according to their terms.'" *Concepcion*, 563 U.S. at 334.  Courts have routinely upheld and enforced class action waiver provisions under the FAA and California law.  *See Sanchez v. Valencia Holding Co.*, LLC, 61 Cal. 4th 899, 924 (2015); *Akrami v. ABC Phones of N. Carolina, Inc.*, 2019 WL 6998776, at *2 (C.D. Cal. Nov. 27, 2019).  The same result follows here, and Plaintiffs should be compelled to arbitrate their claims on an individual basis.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

22

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

### C.   <u>Toyota Has Not Waived the Right to Compel Arbitration</u>

Toyota anticipates that Plaintiffs will argue that Toyota has waived any right to arbitrate, but that argument fails as well.  The "standard for waiver" under the FAA is difficult to meet.  *See Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002).  The party arguing waiver of arbitration bears a heavy burden of proof" and "must show: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts."  *U.S. v. Park Place Assoc., Ltd*., 563 F.3d 907, 921 (9th Cir. 2009) (citations omitted).  A determination of whether "the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements."  *Fisher v. A.G. Becker Paribas Inc*., 791 F.2d 691, 694 (9th Cir. 1986).  Plaintiffs will not be able to meet this heavy burden.

Toyota has not acted inconsistently with its right to arbitrate, and even if it had (it has not), there is no evidence of resulting prejudice to Plaintiffs.  Toyota raised its intent to compel arbitration to Plaintiffs in its Answer filed in August, and shortly after, served discovery to obtain agreements with enforceable arbitration provisions.  Docket No. 77 (Answer) at p. 37; Weddle Decl., ¶ 2.  Toyota learned of the arbitration provisions in Plaintiffs' Lease/Purchase Agreements when Plaintiffs produced them in late November 2019 and January 2020.  Weddle Decl., ¶¶ 3, 4.  And since receiving those agreements, Toyota has not acted inconsistent with the right to arbitrate.  Unlike cases where district courts have found that Toyota waived its right to arbitration (*see*, *e.g.*, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 838 F. Supp. 2d 967, 989 (C.D. Cal. 2012) and *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Prod. Liab. Litig.*, 828 F. Supp. 2d 1150 (C.D. Cal. 2011)), here Toyota's affirmative litigation conduct amounts to only two meet and confer letters, a telephonic meet and confer, and serving third-party subpoenas since Plaintiffs produced their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

23

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

Lease/Purchase Agreements.  Weddle Decl., ¶ 6.  Otherwise, Toyota has merely responded to *Plaintiffs*' litigation activity—specifically, Plaintiff's service of numerous sets of discovery and a motion to compel discovery regarding the Prius C, which took Plaintiffs several months to file and which they ultimately withdrew. *Id.*, ¶ 6; *see e.g., Britton v. Co-Op Banking Grp.*, 916 F.2d 1405, 1413 (9th Cir. 1990) (costs incurred in pursuing litigation should not be counted against defendant's effort to arbitrate); *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1075 (9th Cir. 2013) (self-inflicted costs do not result in prejudice).  Moreover, because Toyota only moves to compel two named Plaintiffs' claims to arbitration, its litigation-related activities are and remain necessary as to the other named Plaintiffs and their class allegations.[7]

Plaintiffs also cannot demonstrate any prejudice because the case has only been at issue since August 2019, is still in the discovery stage, is nowhere near the eve of trial, and no expert discovery or depositions have occurred.  *See e.g.*, *Blau v. AT & T Mobility*, 2012 WL 566565, at *2–3 (N.D. Cal. Feb. 21, 2012) (plaintiff was not prejudiced by "delay" where the parties participated in litigation for "nearly a year" before defendants moved to arbitrate); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005) ("Unsurprisingly, courts are reluctant to find prejudice to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly (*e.g.*, by filing a motion to dismiss or requesting limited discovery) before moving to compel arbitration.").  Here, Plaintiffs cannot establish that Toyota knowingly waived a right to arbitrate by not bringing this motion last year.

---

[7] Following the development of the COVID-19 pandemic, the parties recently negotiated to extend the case deadlines because Toyota deponents, and counsel for the parties, cannot travel at this time.  Weddle Decl., ¶ 7.  All of those deadlines remain relevant as to the remaining plaintiffs in this case.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

24

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES

**D.** **The Court Must Stay Proceedings Regarding Plaintiffs Kosareff and Kakish While Arbitration Is Pending**

The FAA requires that Plaintiffs' claims be stayed pending arbitration.  9 U.S.C. § 3; *CPB Contractors Pty Ltd. v. Chevron Corp.*, 2017 WL 7310776, at *5 (N.D. Cal. 2017); *Amisil Holdings Ltd., v. Clarium Capital Mgmt*, 622 F.Supp. 2d 825, 842 (N.D. Cal. 2007) (stay appropriate where a failure to stay would prejudice a party's right to arbitration).  A stay is necessary here to preserve the status quo as to Plaintiffs while the Court decides this motion and arbitration is completed. Toyota, therefore, requests a stay in accordance with 9 U.S.C. § 3 to protect the jurisdiction of the arbitrator.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion in its entirety and order that, as to Plaintiffs Kosareff and Kakish: (1) they shall arbitrate their claims on an individual basis; (2) their class claims are dismissed; and (3) this action is stayed, pending the completion of arbitration.

Dated:     May 22, 2020

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
Joseph Duffy
Lisa Weddle


By   /s/ Lisa Weddle
Lisa Weddle
Attorneys for Defendants
TOYOTA MOTOR CORPORATION, and
TOYOTA MOTOR SALES USA, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 38963705

25

TOYOTA'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION
CASE NO. 8:18-CV-00201-JLS-KES