| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | David L. Schrader, Bar No. 149638<br>david.schrader@morganlewis.com |
| 3 | Joseph Duffy, Bar No. 241854<br>joseph.duffy@morganlewis.com |
| 4 | Lisa Weddle, Bar No. 259050<br>lisa.weddle@morganlewis.com |
| 5 | 300 South Grand Avenue<br>Twenty-Second Floor |
| 6 | Los Angeles, CA  90071-3132<br>Tel:   +1.213.612.2500 |
| 7 | Fax:  +1.213.612.2501 |
| 8 | Attorneys for Defendants<br>TOYOTA MOTOR CORPORATION and |
| 9 | TOYOTA MOTOR SALES, U.S.A., INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN RYAN-BLAUFUSS, CATHLEEN MILLS, and KHEK KUAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., and DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No. 8:18-CV-00201-JLS-KES<br><br>**Discovery Document: Referred to Magistrate Judge Karen E. Scott**<br><br>*See Dkt. No. 132 – Notice of Discovery Motion and Telephonic Conference*<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S LETTER BRIEF TO MAGISTRATE JUDGE KAREN E. SCOTT REGARDING DEPOSITION TRANSCRIPTS FROM *HOGAN* LITIGATION** |
| STEPHEN KOSAREFF and LAURA KAKISH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES USA, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Date:    November 13, 2020<br>Time:    9:30 a.m.<br>Judge:   Honorable Karen E. Scott |

# Morgan Lewis

**Lisa R. Weddle**
Partner
+1.213.612.7334
lisa.weddle@morganlewis.com

November 12, 2020

**VIA ECF**

Honorable Karen E. Scott, Magistrate Judge
United States District Courthouse, Central District of California
411 W. 4th Street
Santa Ana, CA 92701

Re:    *McCarthy v. Toyota Motor Corp.,* No. 18-cv-201-JLS

Dear Magistrate Judge Scott:

Toyota Motor Sales, U.S.A., Inc. ("Toyota") submits this letter brief regarding Plaintiffs' requests for certain deposition transcripts from another litigation, *Hogan v. Toyota Motor Sales, U.S.A., Inc.* (Orange County Superior Court Case No. 30-2017-00933647-CU-FR-CJC), (the "*Hogan* Litigation"), but their refusal to agree to a reasonable process for avoiding duplicative discovery.

Plaintiffs request deposition transcripts (the "Transcripts") from the *Hogan* Litigation, each of which was designated as confidential, in whole or in part, under the *Hogan* protective order, for five individuals: Abbas Saadat ("Saadat"), Tom Trisdale ("Trisdale"), Cory Hoffman ("Hoffman"), Donald Tandy ("Tandy"), and Ashish Arora ("Arora") (collectively, the "*Hogan* Witnesses"). *See* Ex. A.  Some of the claims asserted in the *Hogan* Litigation involved the same vehicle recalls at issue in this case.  The same lawyers at Miller Barondess representing Plaintiffs in this case deposed the *Hogan* Witnesses in the *Hogan* Litigation.[1]  Six months before requesting the Transcripts for use in this case, Plaintiffs noticed the depositions of Saadat, Trisdale, and Hoffman, and almost certainly will notice Tandy's and Arora's depositions.  Because producing the Transcripts, and then going forward with depositions of the same witnesses again in this case, would amount to duplicative and cumulative discovery in contravention of Fed. R. Civ. P. 1, Toyota has attempted, unsuccessfully, to reach an agreement to efficiently handle the depositions of the same *Hogan* Witnesses in this case.

Specifically, counsel for Toyota has made several proposals, whereby Toyota would agree to produce the Transcripts, and the parties would reduce the time on the record for those same witnesses' depositions in this case.  In mid-April 2020, Toyota offered to produce the Transcripts if Plaintiffs would forego the depositions of Saadat, Trisdale, and Hoffman, and limit the depositions of Tandy and Arora to 3 hours focusing on any new opinions.  Ex. B.  Plaintiffs rejected that

---

[1]    The *Hogan* Witnesses also testified at the public trial, and/or had portions of their deposition testimony played before the jury regarding these issues.

Morgan, Lewis & Bockius LLP

300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132      ☎ +1.213.612.2500
United States                     ✆ +1.213.612.2501

DB2/ 39816029

Page 2

Magistrate Judge Scott
November 12, 2020
Page 2

proposal, and did not provide a counter-proposal, even after Toyota's counsel explained that producing the Transcripts eliminates the need to re-depose the *Hogan* Witnesses on the same topics on which Plaintiffs' counsel previously deposed them—i.e., among others, their background and the E0E and F0R recalls. *Id.* Plaintiffs went silent for five months. When the parties finally met and conferred in late September, Plaintiffs' counsel indicated they were willing to discuss limiting the deposition time for all five witnesses, but could not do so until all counsel representing the Plaintiffs in this case had access to the Transcripts. Ex. C. To bridge the gap, Toyota then offered to allow two attorneys from the Kiesel firm, as well as two attorneys from the Fazio Micheletti firm to receive the Transcripts for the purpose of discussing limiting deposition time, provided they agree that doing so would not waive confidentiality and that the Transcripts could not be used for any other purpose in this case if the parties did not agree on limiting the deposition time. *Id.* Plaintiffs rejected that reasonable proposal as well. *Id*.

**Plaintiffs are Not Entitled to Duplicative and Cumulative Discovery**

Fed. R. Civ. P. 1 requires the court and parties to "secure the just, speedy, and inexpensive determination of every action and proceeding." Along those lines, Rule 26 only permits discovery, even if relevant, provided it is "**proportional to the needs of the case**, considering . . . **the parties' relative access to relevant information**, . . . and **whether the burden or expense of the proposed discovery outweighs its likely benefit**." Fed. R. Civ. P. 26(b)(1) (emphasis added). Plaintiffs' request for the Transcripts, while refusing to negotiate a reasonable arrangement reducing the time for depositions of those same witnesses runs afoul of both Rule 1 and Rule 26, as there is no reason for Plaintiffs to depose the witnesses on matters already covered in the Transcripts, if produced. By requesting the Transcripts while refusing to agree to limit the depositions in this case, Plaintiffs effectively are trying to obtain testimony from Toyota fact and expert witnesses that far exceeds the 1 day of 7 hours allotted under Rule 30(d)(1). Toyota should not be burdened by having the *Hogan* Witnesses be re-deposed with no time limitations. *See Seattle Times v. Rhinehart*, 467 U.S. 20, 34 (1984) (recognizing that "[i]t is clear from experience that pretrial discovery by depositions…has significant potential for abuse."); *see also Snowden By and Through v. Connaught Lab'ys., Inc.*, 137 F.R.D. 325, 330 (D. Kan. 1991) (noting that producing deposition transcripts from prior cases could "save the time and expense of duplicating discovery aimed at the same issues and materials" from the prior litigation.); *Austin v. Nestle USA, Inc.*, No. 7:09-cv-03320-JMC, 2010 WL 4318815 at *4 (D.S.C. Oct. 26, 2010) (reminding "that [plaintiffs] should make every effort to use this previous testimony to shorten and expedite their own depositions of these witnesses.").

To make the discovery in this case proportional and not duplicative, and to secure a "speedy, and inexpensive determination," the Court should limit the *Hogan* Witnesses' depositions to no more than 3 hours on the record. That will require Plaintiffs to focus on questioning not covered previously, and is more than sufficient given that at least 80% of the testimony overlaps with the same issues in this case. This is appropriate, as Courts have recognized that "[t]here is nothing in the Federal Rules of Civil Procedure or case law that legitimates taking the full seven hours to depose a person when there is no purpose for it." *Forte Capital Partners v. Harris Cramer*, No. C 07-1237 SBA, 2008 WL 4924724 at *5 (N.D. Cal. Nov. 14, 2008). In the alternative, the Court should adopt Toyota's last proposal—specifically, Toyota will provide informally, and without waiving confidentiality, the Transcripts to certain limited Plaintiffs' counsel, so the parties can negotiate limiting the time for the *Hogan* Witnesses' depositions in this case. This solution avoids the potential for discovery abuse, preserves the parties' and witnesses' time and resources, and prevents duplicative and cumulative discovery.

DB2/ 39816029

Magistrate Judge Scott
November 12, 2020
Page 3

Sincerely,

*Lisa Weddle*

Lisa R. Weddle