MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
Lisa Weddle, Bar No. 259050
lisa.weddle@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendants
TOYOTA MOTOR CORPORATION and
TOYOTA MOTOR SALES, U.S.A., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN RYAN-BLAUFUSS, CATHLEEN MILLS, and KHEK KUAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., and DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No. 8:18-cv-00201-JLS-KES<br><br>**DEFENDANTS TOYOTA MOTOR CORPORATION AND TOYOTA MOTOR SALES U.S.A., INC.'S DECLARATIONS AND SUPPORTING APPLICATION TO FILE UNDER SEAL DOCUMENTS RELATING TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Assigned to the Hon. Josephine L. Staton and Hon. Karen E. Scott (Magistrate)<br><br>Amended Consolidated Master Complaint Filed: July 23, 2019<br><br>Trial Date:           None Set |
| STEPHEN KOSAREFF and LAURA KAKISH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES U.S.A., INC., and DOES 1-10, inclusive,<br><br>Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Toyota Motor Corporation ("TMC") and Toyota Motor Sales, U.S.A., Inc. ("TMS") (collectively, "Toyota") hereby submit the attached Declarations and Supporting Application to File Under Seal Documents Relating to Plaintiffs' Motion for Class Certification ("Supporting Application").

This Supporting Application is based on the Application for Leave to File Under Seal[1] filed by Plaintiffs in connection with the filing of their Motion for Class Certification ("Motion"), and the Declarations of Yoshikazu Suzuki, Thomas Trisdale and Michael Tripp and filed concurrently herewith.

Toyota seeks to seal many of the documents that Plaintiffs filed under seal in support of the Motion. Toyota requests that any substantive portions of the below listed documents that are ordered to be "Sealed" should also be filed under seal where such documents appear (or are quoted or excerpted) in the following documents filed by Plaintiffs in connection with their Motion:

**I. DOCUMENTS IN PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL, AND TOYOTA'S REQUEST THAT THEY BE FILED UNDER SEAL**

The chart attached at Exhibit 1 contains the documents which Toyota seeks to seal.[2] Under the terms of the Stipulated Protective Order entered in this case, documents designated "Highly Confidential" and "Confidential" by Toyota must be filed under seal. Dkt. No. 72. Toyota submits the documents listed above for filing under seal because they contain information that Toyota designated "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain trade secrets and business confidential and proprietary information and

---

[1] *See* Dkt. No. 161.
[2] There are 7 documents that Plaintiffs identified to Toyota during the meet and confer process about sealing, but which Plaintiffs confirmed they did not submit to the Court with their Motion. Those 7 documents are still identified by Bates number and addressed in the declarations supporting Toyota's Application.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 40693505

2

DEFENDANTS' APP. TO FILE UNDER SEAL
RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

because they meet the good cause and compelling reasons standards for sealing.

Toyota employees have attested to the confidentiality of the documents identified above. In support of Plaintiffs' Application, Toyota submits the Declaration of Yoshikazu Suzuki ("Suzuki Decl."), the Declaration of Thomas Trisdale ("Trisdale Decl."), and the Declaration of Michael Tripp ("Tripp Decl.").

## II.  STANDARD OF REVIEW

A party seeking to designate documents or portions of documents attached as exhibits to motions that are more than "tangentially related to the merits of a case" as confidential and sealed from public disclosure must meet the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1099 (9th Cir. 2016). With respect to motions that are only "tangentially related to the merits of a case," the less-stringent "good cause" standard applies; it requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Id.*; *see Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (quotation omitted).

Courts in the Ninth Circuit remain split on whether the "compelling reasons" or "good cause" standard applies to sealed documents in the class certification context. *Nichols v. GEICO General Ins. Co.*, Case No. 2:18-cv-01253-RAJ, 2020 WL 5105442 at *2 (W.D. Wash. 2020). For example, some courts indicate that "unless the denial of a motion for class certification would constitute the death knell of a case, 'the vast majority of [] courts within this circuit' treat motions for class certification as non-dispositive motions to which the 'good cause' sealing standard applies." *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223 at *1 (N.D. Cal. April 9, 2013); compare *Ramirez v. GEO Group*, No. 18cv236-LAB (MSB) (S.D. Cal. Dec. 11, 2019) with *Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-cv-06591-BLF, 2019 WL 6841324 (N.D. Cal. 2019) ("This Court follows numerous other district courts within the Ninth Circuit in concluding that the compelling reasons standard applies to motions to seal documents relating to class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 40693505

3

DEFENDANTS' APP. TO FILE UNDER SEAL
RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

certification."). Toyota's request to seal the above referenced materials satisfies either standard.

A party meets the "compelling reasons" standard by articulating compelling reasons supported by "specific factual findings." *Id.* "Compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Id.*; *Velasco v. Chrysler Grp. LLC*, No. CV1308080DDPVBK, 2017 WL 445241, at *3 (C.D. Cal. Jan. 30, 2017), *aff'd*, No. 17-55269, 2018 WL 4018162 (9th Cir. Aug. 23, 2018) (citation omitted). "A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *Velasco*, 2017 WL 445241, at *3 (citations omitted). Additionally, courts have recognized that "business information that might harm a litigant's competitive standing" may not be subject to public inspection. *See id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1454 (2002) ("The test for trade secrets is whether the matter sought to be protected is information (1) which is valuable because it is unknown to others and (2) which the owner has attempted to keep secret.").

### III. THE DOCUMENTS TOYOTA SEEKS TO SEAL SHOULD BE SEALED BECAUSE THEY CONTAIN TRADE SECRETS AND CONFIDENTIAL AND PROPRIETARY BUSINESS INFORMATION OF TOYOTA

#### A. Design, Development and Other Engineering Documents Should Be Sealed

The product design and development documents and information Plaintiffs filed with their Motion should be sealed because they contain trade secret and business confidential and proprietary information that if disclosed, would benefit Toyota's competitors who could use the information in those documents to profit from Toyota's hard work and investments without investing any effort, time, and

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 40693505

4

DEFENDANTS' APP. TO FILE UNDER SEAL RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

resources themselves, thereby undercutting the value of Toyota's investments. Courts have been clear that product design and development information are "paradigmatic trade secrets." *Velasco*, 2017 WL 445241, at *3 (finding that documents detailing performance standards, requirements, and testing of power modules used in Chrysler vehicles should remain under seal).

Other district courts in this Circuit have found compelling reasons to seal documents relating to a litigant's product design and development. *See Song Yi Chung v. Ford Motor Co.*, No. CV 13-00604 JMS/RLP, 2015 WL 4999677, at *3 (D. Haw. Aug. 20, 2015) (sealing, *inter alia*, "a draft PowerPoint reflecting design considerations related to the seats and seatbelts in 2015 Ford Mustang vehicles"); *Copart, Inc. v. Sparta Consulting, Inc.*, No. 214CV00046KJMCKD, 2017 WL 1207880, at *1 (E.D. Cal. Mar. 3, 2017) (granting request to seal documents containing "detailed technical specifications and designs for the [] imaging technology and credit card processing functionality"); *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF, 2019 WL 4168952 at *2 (N.D. Cal. Sept. 3, 2019) (sealing documents described as containing information that could be used by competitors as revealing "the identification, organization, and/or operation of…proprietary information" that could be used to "map proprietary features of…products."); *Unliloc United States, Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561 (N.D. Cal. May 25, 2018) (good cause found in sealing redacted portions of documents containing references to portions of a party's source code argued to be "proprietary and trade secret descriptions of the technical infrastructure and design of [the party's] software and hardware products.")  These types of information are thus proprietary, valuable and should not be disclosed.

Various engineering documents cited in Plaintiffs' Motion, including documents related to vehicle design and development, recurrence prevention, countermeasures and root cause analysis, draft recall analysis and information and confidential communications, market impact summaries and field reports, as well as

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 40693505

5

DEFENDANTS' APP. TO FILE UNDER SEAL RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

warranty data and certain discovery responses, contain confidential and highly proprietary information of Toyota that should be sealed because Toyota would face competitive harm if they were publicly disclosed. *See* Suzuki Decl. at ¶5; Trisdale Decl. at ¶¶ 5-6.

These documents include the following:

- **Design and development information, including drawings and specifications, vehicle and hybrid technology analysis, and test reports (Exhibits 38, 39, 42, 52 and 53 to the Fazio Declaration)**: These documents constitute trade secrets to TMC because they demonstrate and reveal how TMC designs, develops, tests and analyzes its vehicle and component designs, which were developed by TMC at great expense and over significant time. *See* Suzuki Decl. at ¶¶ 7-12 (TOY-PRIUS-INVERTER-000127712, TOY-PRIUS-INVERTER-000127651, and TOY-PRIUS-INVERTER-000112352).

- **Internal analysis of certain vehicle issues and lessons learned from TMC's root cause analysis of concerns related to various Toyota, Lexus and Scion vehicles (Exhibits 27, 70, 72, and 73 to the Fazio Declaration).** These documents are confidential to TMC because they contain analysis of the design strategy and process, engineering concerns, root cause analysis and testing, and architecture and function of inverters in 2010-2014 Prius and 2012-2014 Prius v vehicles, and discuss and address technical resolutions and countermeasures for field issues and corrective actions, implementation of potential process changes associated with those corrective actions and suggested future actions and next steps related to the identified performance, initiatives and objectives for the underlying recalls, each of which is confidential and proprietary to TMC. *See* Suzuki Decl. at ¶¶ 13-14 (TOY-PRIUS-INVERTER-000109138, TOY-PRIUS-INVERTER-000111286 and TOY-PRIUS-INVERTER-000129925).

- **Source data from Field Technical Reports (Exhibit 71 to the Fazio Declaration):** This source data was identified and collected to enable TMC to

analyze Prius inverter concerns in the field and to assist in the development of a root cause analysis of such concerns, and the two spreadsheets Toyota produced to Plaintiffs contain various aspects of failsafe mode in 2010-2014 Prius and 2012-2014 Prius v vehicles. These documents are confidential to TMC because they contain analysis of TMC's understanding of the then-existing Prius inverter concerns and potential and actual corrective actions to be taken with respect to the inverter, which reveal TMC's proprietary processes and procedures for problem analysis and the thought process associated with the testing that TMC engineers collectively determined was important to confirm fail-safe performance, including the method of testing, the parameters tested, and the conditions of the test, which are unique and proprietary to TMC. *See* Suzuki Decl. at ¶¶ 15-18. (TOY-PRIUS-INVERTER-000111187).

- **Draft of the Frequently Asked Questions ("FAQ") (Exhibit 57 to Fazio Declaration):** This draft set of FAQs relates to issues involved in the recall involving 2010-2014 Prius vehicles, and it reflects TMC's iterative thought process for development of the FAQ, and for communicating with and providing information to entities outside TMC. This information is confidential to TMC because it reveals TMC's confidential processes and procedures for developing communications regarding vehicle concerns and recalls. *See* Suzuki Decl. at ¶ 19 (TOY-PRIUS-INVERTER-000130018).

- **Communications regarding inverter concerns (Exhibits 32 and 49 to Fazio Declaration)**: These communications reveal Toyota's thought processes related to inverter concerns, and their goals and commentary supporting and revealing their decision making processes related to continued investigation and the related factors that they considered to be important. They also contain and reveal TMC's engineers thought processes when attempting to identify and resolve, or develop countermeasures for, a vehicle concern. *See* Suzuki Decl. at ¶¶ 20-22 (TOY-PRIUS-INVERTER-000107204 and TOY-PRIUS-INVERTER-000134099).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 40693505

7

DEFENDANTS' APP. TO FILE UNDER SEAL RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

- **Materials and communications regarding countermeasures, root cause analysis, and other recalls (Exhibits 2, 3, 8-10, 11, 12, 16, 19, 20, 44, and 65 to the Fazio Declaration):** These materials and communications were prepared by Toyota to explain, analyze and detail the countermeasures and root cause analysis underlying Toyota recalls, and to explain the differences between it and prior recalls involving other vehicles in connection with discussions with the National Highway Traffic Safety Administration ("NHTSA"). These documents are confidential to Toyota for multiple reasons: (1) they have continuing engineering value as vehicle design and development information; (2) they reveal Toyota's highly confidential processes and procedures for identifying, investigating, analyzing and resolving product concerns; (3) they reveal the operation and functionality of the inverter system in Prius vehicles; and (4) they detail the methods, practices and procedures that Toyota follows to identify, analyze and resolve product concerns, and/or conduct a root cause analysis, among other benefits. *See* Trisdale Decl. at ¶¶ 8-18 (TOY-PRIUS-INVERTER-000013572, TOY-PRIUS-INVERTER-000013670, TOY-PRIUS-INVERTER-000022824, TOY-PRIUS-INVERTER-000022873, TOY-PRIUS-INVERTER-000022905, TOY-PRIUS-INVERTER-000024759, TOY-PRIUS-INVERTER-000024765, TOY-PRIUS-INVERTER-000033863; TOY-PRIUS-INVERTER-000035140, TOY-PRIUS-INVERTER-000048508, TOY-PRIUS-INVERTER-000109981; and TOY-PRIUS-INVERTER-000133101).

- **Market Impact Summaries (Exhibits 17, 26, and 68 to the Fazio Declaration)**: These documents are confidential to Toyota because they: (1) detail the processes and procedures Toyota uses to launch a vehicle investigation and the information that TMC requests from TMS to undertake such vehicle investigation, root cause analysis and countermeasure development; and (2) reveal Toyota's processes and procedures for monitoring and assessing vehicle countermeasures for field issues and corrective actions, which are confidential and proprietary to Toyota. *See* Trisdale Decl. at ¶¶ 19-21 (TOY-PRIUS-INVERTER-000048531, TOY-PRIUS-

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 40693505

8

DEFENDANTS' APP. TO FILE UNDER SEAL
RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

INVERTER-000089595 and TOY-PRIUS-INVERTER-000095662).

- **Field reports of inverter concerns (Exhibits 18, 25, 28, 29, 30, and 67 to the Fazio Declaration):** These documents are confidential to Toyota because they reveal the vehicle features and conditions that Toyota engineers were evaluating and considered to be important, which in turn disclose the engineers' decision making process, which is itself one of Toyota's most proprietary and important trade secrets. Such documents are also confidential because they reveal Toyota engineers' thought processes when attempting to identify and analyze a vehicle concern in the field. Further, the data contained within the reports is confidential to Toyota because it is engineer-selected information that reflects TMS's iterative thought process for development of the report and for communicating with and providing such information to TMC and reveals Toyota's confidential processes and procedures for reporting developing communications regarding vehicle concerns. *See* Trisdale Decl. at ¶¶ 22-26 (TOY-PRIUS-INVERTER-000026635, TOY-PRIUS-INVERTER-000026651, TOY-PRIUS-INVERTER-000080558, TOY-PRIUS-INVERTER-000091243, TOY-PRIUS-INVERTER-000098990, TOY-PRIUS-INVERTER-000099399).

- **Information in discovery responses (Exhibits 31, 37, 41 and 51 to the Fazio Declaration):** The specific discovery responses identified in Exhibit 1 contain confidential information regarding the software logic for the E0E, F0R, and J0V recalls, the details of which are proprietary to Toyota. Those responses also provide internal calculations of repair rates and other confidential internal data regarding warranty repair costs and the number of repairs, which is non-public information is also confidential to Toyota. *See* Trisdale Decl. at ¶ 27.

The above-described and identified engineering related documents and information are proprietary and confidential to Toyota and should be sealed. *Velasco*, 2017 WL 445241, at *3; *Copart*, 2017 WL 1207880 at *1. The public interest in the information contained within those documents is limited. These design related

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 40693505

9

DEFENDANTS' APP. TO FILE UNDER SEAL RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

documents—including those regarding vehicle and component design and development, root cause analysis and countermeasures, vehicle and technology analysis, and other confidential information and communications regarding warranty, failure rate and claim analysis, and government reporting—are used only for the design and development of vehicles, which is an activity only conducted by automotive companies that compete with Toyota. *See* Suzuki at ¶ 23; Trisdale Decl. at ¶ 30. Toyota created the information in these documents over time and at a great expense. *Id*. If this information were to be made public, competitors could, without expending their own effort, time and resources, use this information to assist in the development of their own products, including but not limited to, developing similar hybrid inverter technology without incurring the same costs Toyota incurred to do so. *Id*. Disclosure of this information would, therefore, cause injury to Toyota, which put considerable time and effort into inventing, developing, and creating countermeasures regarding this new technology. If disclosed, this information would give competitors an unfair advantage and insight into Toyota's practices that could be used to Toyota's disadvantage. *Id*.

These engineering documents and information are thus proprietary and confidential to Toyota, and they should be sealed. *Velasco*, 2017 WL 445241, at *3; *Copart*, 2017 WL 1207880 at *1. Because Toyota has demonstrated that a compelling interest exists to seal these documents, the Court should order these documents be filed and remain under seal.

### B. Warranty Data Should Be Sealed

Courts in the Ninth Circuit have granted motions to seal information relating to warranty claims relating to a litigant's products. *Velasco*, 2017 WL 445241, at *3 (rejecting attempt to unseal information including, "a single page graph that charts warranty claims"); *Gustafson v. Goodman Mfg. Co. LP*, No. CV-13-08274-PCT-JAT, 2016 WL 393640, at *3 (D. Ariz. Feb. 2, 2016) (permitting party to file under seal documents that reflected its warranty claim rates and data that could be

manipulated to ascertain that rate). **Exhibit 1 to Expert Report of Steven B. Boyles** contains Toyota's warranty data regarding the Prius vehicles at issue in this case. The warranty report is derived from a proprietary Toyota database. It is considered and treated as confidential business information to Toyota because it contains Toyota's internal parts and labor costs, and the number of warranty or other repairs, all of which is proprietary to Toyota. *See* Trisdale Decl. ¶ 28. Pursuant to *Velasco*, the Court should order that this warranty information be filed and remain under seal.

### C. <u>Marketing and Advertising Strategy Documents Should Be Sealed</u>

"The inclusion of trade secrets such as a company's internal strategies, marketing research, ***sales data***, and product development plans provide compelling reasons to seal." *In re ConAgra Foods, Inc.*, No. CV1105379MMMAGRX, 2014 WL 12577132, at *5 (C.D. Cal. July 11, 2014) (citations omitted and emphasis added); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, *2 (S.D. Cal. May 24, 2012) (finding compelling reasons to seal because "public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development"); *McMorrow v. Mondelēz Int'l, Inc.,* No. 17-cv-2327-BAS-JLB, 2020 WL 406314 at *2 (S.D. Cal. Jan. 24, 2020) (finding compelling reasons to seal marketing, consumer, and advertising research, including third party marketing research); *Algarin v. Maybelline, LLC*, No. 12cv3000 AJB (DHB), 2014 690410 at *3 (S.D. Cal. Feb. 21, 2014) (finding the parties demonstrated compelling reasons to warrant sealing of a study consisting of "sales data, market research, consumer research, advertising data and marketing strategy" prepared by a party's subsidiary company and outside marketing consultant.); *Apple Inc. v. Samsung Elecs. Co.*, 727 F. 3d 1214, 1228 (Fed. Cir. 2013) (applying Ninth Circuit law and finding the trial court abused its discretion

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 40693505

11

DEFENDANTS' APP. TO FILE UNDER SEAL
RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

in not sealing market research reports containing analysis of consumer information).

Toyota requests that the Court seal the following marketing and advertising strategy related documents:

- **Brand and other marketing materials (Exhibits 10, 20, 23, 25, 26, 27, and 28 to the Stierwalt Declaration):** These brand and marketing materials were prepared by or on behalf of Toyota regarding the 2010 Prius and/or 2012 Prius v. *See* Tripp Decl. at ¶ 7 (TOY-PRIUS-INVERTER-000018105, TOY-PRIUS-INVERTER-000018472, TOY-PRIUS-INVERTER-000021355, TOY-PRIUS-INVERTER-000025174, TOY-PRIUS-INVERTER-000038863 and TOY-PRIUS-INVERTER-000038897). The information contained in these documents is proprietary to Toyota because it reveals the essence of Toyota's plan to brand Prius and Prius v vehicles, including the processes and methodologies that Toyota uses to achieve its marketing plans and strategies. *Id*. at ¶ 8. That information is highly proprietary to Toyota because it translates directly to vehicle sales and market share. *Id.*

- **Documents evaluating the effectiveness of Toyota's marketing campaigns for the 2010 and 2012 Prius v (Exhibits 29 and 31 to the Stierwalt Declaration):** These documents were prepared by or on behalf of Toyota and present a critical assessment of Toyota's marketing and advertising, which Toyota uses to enhance its ongoing marketing efforts and to assist in the development of future marketing and advertising campaigns. These documents also reveal the processes and procedures that Toyota follows to not only measure the success of its marketing and advertising, but to also continually improve such procedures. Tripp Decl. at ¶¶ 9-10 (TOY-PRIUS-INVERTER-000017837, and TOY-PRIUS-INVERTER-000023906).

- **Focus group related marketing strategy and analysis (Exhibits 21 and 22 to the Stierwalt Declaration):** These are materials generated with Toyota partners and marketing agents through clinics and focus groups to evaluate Prius and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 40693505

12

DEFENDANTS' APP. TO FILE UNDER SEAL
RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

Prius v marketing strategies and advertising. Tripp Decl. at ¶ 11 (TOY-PRIUS-INVERTER-000044498, and TOY-PRIUS-INVERTER-000088954). This information is proprietary to Toyota because the assessment of its marketing strategies, and the means through which it develops those strategies, are the essence of its future marketing plans. Toyota uses such information to develop future marketing and advertising campaigns and to improve, refine and streamline marketing and advertising for future vehicles. *Id*. at ¶ 12.

- **2010 Prius advertising campaign (Exhibit 30 to the Stierwalt Declaration):** The 2010 Prius advertising campaign prepared by Toyota's Advertising agent is confidential and proprietary to Toyota because it reveals Toyota's strategy for a new vehicle launch. This is the type of information that Toyota considers to be important in terms of vehicle advertising milestones and intervals between programs. Tripp Decl. at ¶13 (TOY-PRIUS-INVERTER-000087107).

- **Marketing document explaining hybrid technology (Exhibit 1 to Fazio Declaration)**: Toyota's global marketing division prepared this document to explain the basics of hybrid technology so that brand marketing and advertising personnel can better integrate hybrid technology into Toyota's marketing and advertising strategies for Toyota's hybrid electric vehicles, including the Prius and Prius v. Tripp Decl. at ¶ 14 (TOY-PRIUS-INVERTER-000020912). It contains confidential information regarding inverter design and development and product specifications, and explains how such vehicle design relates to reduced energy consumption and a lower environmental impact than non-hybrid vehicles. *Id.* at ¶¶ 14-15.

The information in each of the above-described and identified marketing related documents was created over time and at great expense to Toyota. If this information were to be made public, competitors could, without expending their own effort, time and resources, use this information to assist in the development of their

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 40693505

13

DEFENDANTS' APP. TO FILE UNDER SEAL RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES

own marketing plans and advertising programs for their hybrid vehicles, including but not limited to, growing their market share and sale through analyzing the timing and focusing of Toyota's advertising strategies without incurring the same costs that Toyota had to incur. If disclosed, this information would give competitors an unfair advantage and insight into Toyota's marketing and advertising policies and procedures, that could be used to Toyota's disadvantage. Tripp Decl. at ¶ 16.

Because Toyota has demonstrated that compelling interest exists to seal these documents, the Court should order that they be filed and remain under sealed.

## IV. CONCLUSION

Toyota respectfully requests that the documents referenced in Exhibit 1 filed in support of Plaintiffs' Application to File Under Seal Documents Relating to Plaintiffs' Motion for Class Certification, be filed and remain under seal.

Dated: April 13, 2021

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
Joseph Duffy
Lisa Weddle

By /s/ David L. Schrader
David L. Schrader
Attorneys for Defendants
TOYOTA MOTOR CORPORATION and
TOYOTA MOTOR SALES, U.S.A., INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 40693505

14

DEFENDANTS' APP. TO FILE UNDER SEAL
RE PLAINTIFFS' MOTION FOR CLASS CERT.;
CASE NO. 8:18-CV-00201-JLS-KES