UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN RYAN-BLAUFUSS, CATHLEEN MILLS and KHEK KUAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., and DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No. 8:18-CV-00201-JLS-KES<br><br>**ORDER APPROVING JOINT STIPULATION OF THE PARTIES FOR THE ESTABLISHMENT OF A QUALIFIED SETTLEMENT FUND (Doc. 269)** |
| STEVEN KOSAREFF and LAURA KAKISH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., and DOE DEFENDANTS 1-10,<br><br>Defendants. | |

1. In the Final Order Granting (1) Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF 248) and (2) Plaintiffs' Motion for Award of Attorneys' Fees, Costs, and Service Awards (ECF 240) entered by this Court on February 3, 2023 ("Final Order"), this "Court retains continuing and exclusive jurisdiction over the Action and all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement." EC 264, pp. 19-20 of 20.

2. The Court finds that the Account is to be a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

    (a) The Account is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

    (b) The Account is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

    (c) The assets of the Account are to be segregated from other assets of Defendants, the transferor of the payment to the Settlement Funds, and controlled by an Account Agreement.

3. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Toyota may elect to treat the Account as coming into existence as a "qualified settlement fund" on the latter of the date the Account meets the requirements of Paragraphs 2(b) and 2(c) of this Order or January 1 of the calendar year in which all of the requirements of Paragraph 25 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Funds on such date shall be treated as having been transferred to the Account on that date.

4. The name of the Qualified Settlement Fund shall be "Toyota Prius Inverter Class Action Settlement QSF."

5. The Court approves Miller Kaplan Miller Kaplan Arase LLP as the Tax Administrator.

6. The Court approves the following amendments to said Agreement:

   a. The definition of Escrow Account is hereby amended to "Account," which means the custodial or investment account administered by the Account Agent and the Settlement Special Master in which the funds to be deposited will be held, invested, administered, and disbursed pursuant to this Agreement and an Account Agreement.

   b. The definition of Escrow Agent is hereby amended to "Account Agent" and shall mean Kroll Settlement Administration LLC, the agreed-upon entity to address and hold for distribution the funds identified in this Agreement pursuant to the terms of an Account Agreement. Toyota shall select the Account Agent, which shall be agreed to by Class Counsel, whose approval shall not be unreasonably withheld.

   c. The definition of Escrow Agreement is hereby amended to "Account Agreement," which shall mean the agreement by and among Class Counsel, Toyota and the Account Agent with respect to the holding of the funds to be deposited into the Account pursuant to this Agreement, which agreement, among other things, shall specify the manner in which the Settlement Special Master shall direct and control, in consultation with Toyota and Class Counsel, the disbursement of funds in the Qualified Settlement Fund.

7. The QSF shall be funded no later than fourteen (14) days after the issuance of this Order.

6. The Court retains continuing jurisdiction and supervision over the QSF.

SO ORDERED.

Dated: April 10, 2023

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE